IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:10-CR-274-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| ROBERTO SOBEYANIS-SANCHEZ, | ) | |
| | ) | |
| Defendant. | ) | |

On August 2, 2011, after considering the entire record, this court sentenced Roberto Sobeyanis-Sanchez ("Sobeyanis-Sanchez") to (1) 76 months' imprisonment for distributing 500 grams or more of cocaine and aiding and abetting in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (count one) and (2) six months' imprisonment for illegal entry in violation of 8 U.S.C. § 1325(a) (count five), to be served concurrently. See [D.E. 135]; Sentencing Tr. [D.E. 144] 16–19. On count one, Sobeyanis-Sanchez's total offense level was 27, his criminal history score was I, and his advisory guideline range was 70 to 87 months. See Sentencing Tr. 12.

On September 11, 2014, Sobeyanis-Sanchez moved for a sentence reduction on count one under 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10(c), and U.S.S.G. Amendment 782. See [D.E. 162]. On count one, Sobeyanis-Sanchez's amended total offense level is 25, his criminal history category is I, and his advisory guideline range is 60 to 71 months.

The court recognizes its discretion to reduce Sobeyanis-Sanchez's sentence. See, e.g., United States v. Thomas, 546 F. App'x 225, 225–26 (4th Cir. 2013) (per curiam) (unpublished); United States v. Perez, 536 F. App'x 321, 321 (4th Cir. 2013) (per curiam) (unpublished); United States v. Smalls, 720 F.3d 193, 195–97 (4th Cir. 2013); United States v. Stewart, 595 F.3d 197, 200 (4th Cir.

2010). Sobeyanis-Sanchez brought three kilograms of cocaine to the drug deal and was waiting to take the monetary proceeds back to Georgia when he was apprehended. Sobeyanis-Sanchez is not only a cocaine dealer, but also has a history of domestic violence. Having (again) reviewed the entire record, the court continues to believe that Sobeyanis-Sanchez received the sentence that was sufficient but not greater than necessary under 18 U.S.C. § 3553(a). See, e.g., Thomas, 546 F. App'x at 225–26; Perez, 536 F. App'x at 321.

In sum, Sobeyanis-Sanchez's motion for a sentence reduction [D.E. 162] is DENIED.

SO ORDERED. This 15 day of July 2015.

JAMES C. DEVER III
Chief United States District Judge